[Cite as *State v. Little*, 2020-Ohio-2897.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2019-T-0067** |
| TRAYVON D. LITTLE, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Trumbull County Court of Common Pleas.
Case No. 2018 CR 01059.

Judgment: Affirmed.

*Dennis Watkins*, Trumbull County Prosecutor; *Ashleigh Musick* and *Ryan J. Sanders*, Assistant Prosecutors, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Stephen A. Turner*, Turner, May & Shepherd, 185 High Street, N.E., Warren, OH 44481 (For Defendant-Appellant).

TIMOTHY P. CANNON, P.J.

{¶1} Appellant, Trayvon D. Little ("Little"), appeals a judgment in the Trumbull County Court of Common Pleas sentencing him, following a jury trial, to 11 months in prison, to be served consecutively to an unrelated term he was already serving at the time of the offense. We affirm the trial court's judgment.

{¶2} On November 27, 2018, Little was indicted on one count of Harassment with a Bodily Substance, a felony of the fifth degree in violation of R.C. 2921.38(A)&(D).

At the time of the events leading to the indictment, Little was an inmate at Trumbull Correctional Institution ("the Prison") serving a prison term for an unrelated conviction in Cuyahoga County. The state of Ohio alleged that Little spat in the face of corrections officer Rachel Blevins following a confrontation. Little pled not guilty to the charge, and a jury trial lasting two days was held beginning on August 20, 2019.

{¶3} The state called two witnesses: (1) the corrections officer that was the alleged victim of the offense ("Blevins"), and (2) the corrections officer working with her at the time of the offense ("Watson"). Blevins testified in detail about the escalating tensions at the Prison leading to her confrontation with Little, the spitting by Little, and the medical treatment she sought immediately thereafter. The state also presented video footage of the incident filmed by a fishbowl lens at the Prison overseeing the entire common area, which Blevins authenticated and narrated for the jury. Watson, who did not directly witness the spitting itself, testified consistently with Blevins' account of the events preceding and subsequent to the confrontation with Little.

{¶4} At the end of the state's case-in-chief, the defense made an oral motion for acquittal under Criminal Rule 29, which was denied. The defense then rested without presenting any witnesses. After deliberations, the jury found Little guilty, and a sentence of 11 months was imposed, to be served consecutively to the sentence Little was already serving at the time of the incident.

{¶5} Little filed a timely notice of appeal and raises two assignments of error for our review. We consider the assignments of error out of order.

{¶6} Little's second assignment of error states:

THE JURY'S VERDICT OF GUILTY ON THE COUNT ONE OF HARASSMENT WITH A BODILY SUBSTANCE WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶7}    "In determining whether the verdict was against the manifest weight of the evidence, '* * *[t]he court reviewing the entire record, *weighs the evidence* and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. * * *'" (Emphasis sic.)  *State v. Schlee*, 11th Dist. Lake No. 93-L-082, 1994 WL 738452, *5 (Dec. 23, 1994), quoting *State v. Davis*, 49 Ohio App.3d 109, 113 (8th Dist.1988).  A judgment of a trial court should be reversed as being against the manifest weight of the evidence "'only in the exceptional case in which the evidence weighs heavily against the conviction.'"  *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997).

{¶8}    "Weight of the evidence concerns 'the inclination of the *greater amount of credible evidence*, offered in a trial, to support one side of the issue rather than the other.'"  *Id.* (emphasis sic), quoting *Black's Law Dictionary* 1594 (6th Ed.1990).

> 'The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.'

*Id.*, quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983).  "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a '"thirteenth juror"' and disagrees

3

with the factfinder's resolution of the conflicting testimony." *Id.*, quoting *Tibbs v. Florida*, 457 U.S. 31, 42 (1982).

{¶9} Little was charged with Harassment with a Bodily Substance under R.C. 2921.38(A)&(D), which state:

> (A) No person who is confined in a detention facility, with intent to harass, annoy, threaten, or alarm another person, shall cause or attempt to cause the other person to come into contact with blood, semen, urine, feces, or another bodily substance by throwing the bodily substance at the other person, by expelling the bodily substance upon the other person, or in any other manner. * * *

> (D) Whoever violates this section is guilty of harassment with a bodily substance. A violation of division (A) or (B) of this section is a felony of the fifth degree. * * *

{¶10} Little challenges the assertion that he acted with the requisite intent to constitute a violation of R.C. 2921.38; however, the jury was presented with evidence and testimony from which they could reasonably conclude that Little acted with intent to "harass, annoy, threaten, or alarm" Blevins in the present matter. Both witnesses testified that the inmates, including Little, were angry with Blevins for enforcing the rules imposed at the Prison immediately before the confrontation with Little. Blevins testified from her experience as a corrections officer that inmates showed less respect to female corrections officers in comparison to their male counterparts. She referred to multiple statements made by Little indicating his lack of respect for her, specifically, based on her gender. Blevins and Watson also both testified, based on their experience as corrections officers, as to the common motive of inmates to create a distraction in the common area in order to allow criminal conduct to occur undetected. Here, the video surveillance footage showed an unidentified inmate stealing an object from a desk

4

immediately after the alleged spitting by Little, which corroborates Blevins' testimony that this was Little's motive and supports a finding of intent.

{¶11} Further, the video surveillance footage presented to the jury supports the finding of guilt. It showed Little approaching Blevins, engaging in dialogue, then returning a moment later before being escorted from the room by Blevins and Watson. The video is consistent with Blevins' written report of the incident—which was presented to the jury—and also with the testimony she offered at trial. Testimony from Watson was also consistent with the events he observed both before and immediately following the confrontation by Little. Based on this testimony and evidence, the jury reasonably concluded that Little spat in Blevins' face with intent to harass, annoy, threaten, or alarm her following escalating tensions and a verbal confrontation between the two. The facts and evidence presented in the matter sub judice do not support a finding that the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

{¶12} Little's second assignment of error is without merit.

{¶13} Little's first assignment of error states:

THE STATE FAILED TO PRODUCE EVIDENCE THAT WAS LEGALLY SUFFICIENT TO SUSTAIN THE JURY'S VERDICT.

{¶14} "A challenge to the sufficiency of the evidence raises a question of law as to whether the prosecution met its burden of production at trial." *State v. Bernard*, 11th Dist. Ashtabula No. 2016-A-0063, 2018-Ohio-351, ¶56, citing *Thompkins, supra*, at 390 and *State v. Windle*, 11th Dist. Lake No. 2010-L-033, 2011-Ohio-4171, ¶25. "'In reviewing the record for sufficiency, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have

5

found the essential elements of the crime proven beyond a reasonable doubt.'"'" *Id.*, quoting *State v. Smith*, 80 Ohio St.3d 89, 113 (1997), quoting *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus, following *Jackson v. Virginia*, 443 U.S. 307 (1979); *see also State v. Troisi*, 179 Ohio App.3d 326, 2008-Ohio-6062, ¶9 (11th Dist.). Where there is insufficient evidence, a conviction will be vacated. *Id.* at ¶55, citing *State v. Rose*, 11th Dist. Lake No. 2014-L-086, 2015-Ohio-2607, ¶32.

{¶15} A finding that a judgment is not against the manifest weight of the evidence necessarily means the judgment is supported by sufficient evidence. *State v. Arcaro*, 11th Dist. Ashtabula No. 2012-A-0028, 2013-Ohio-1842, ¶32. Having determined that Little's conviction is not against the manifest weight of the evidence, it follows that it is supported by sufficient evidence.

{¶16} Little's first assignment of error is without merit.

{¶17} The judgment of the Trumbull County Court of Common Pleas is affirmed.


CYNTHIA WESTCOTT RICE, J.,

MARY JANE TRAPP, J.,

concur.